GARDEN, JUDGE:
Claimant lives on Route 97 between Pineville and Maysville in Wyoming County, West Virginia. On May 1 and July 10, 1980, there were heavy rainstorms. On both occasions claimant’s property received flood damage. Claimant contends that respondent was negligent in maintaining Route 97; that respondent, in trying to widen and stabilize the road, filled in the ditch line and blocked the culvert which drains the rain from the area of claimant’s property. Claimant seeks an award of $2,475.00, the cost of restoring his property. Respondent contends that severe weather conditions were, in part, responsible for claimant’s damages. The other contributing factor was the existence of two private roads across from claimant’s property from which dirt and rock washed down onto claimant’s property.
Claimant’s father, Lonnie Hutchinson, testified that prior to May 1, 1980, respondent’s employees had worked on Route 97. This work consisted of widening the road so that it would be safer for truck usage. Mr. Hutchinson said that red dog was used to widen the road and that in widening the road, the ditch line was stopped. Mr. Hutchinson stated that he asked respondent to open a new ditch, but this request was not complied with until after July 10, 1980.
Respondent’s witness, Bill Wilcox, who was the Wyoming County Road Supervisor in respondent’s employ, testified that he visited claimant’s property on July 11, 1980. He stated that there was “quite a bit of stone washed over on Mr. Hutchinson’s property.” This stone was a crusher type stone which respon *336 dent had not used in its work on Route 97. Mr. Wilcox stated that the heavy rains that had occurred the previous day swept the stone off two private roads located above claimant’s property. Mr. Wilcox also testified that his records showed that red dog was not hauled to Route 97 until September 1980.
In order for the Court to make an award in this case, it must be satisfied that the actions taken by respondent resulted in the damages alleged. The evidence is in conflict as to the cause of the claimant’s damages. The Court cannot base an award on speculation, and to make an award Gn the evidence presented would be to speculate. There is no doubt that the claimant’s property was damaged, but it cannot be said that this damage resulted from negligence on the part of the respondent. The Court must therefore deny the claim.
Claim disallowed.